IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARYL T'WAIN GIBSON, SR., | : | CIVIL ACTION NO. **1:CV-12-1328** |
| Plaintiff | : | (Chief Judge Kane) |
| v. | : | (Magistrate Judge Blewitt) |
| STEELTON POLICE DEPT., *et al.*, | : | |
| Defendants | : | |

**REPORT & RECOMMENDATION**

**I.     BACKGROUND.**

On July 10, 2012, Plaintiff Daryl T'wain Gibson, Sr., currently an inmate at Dauphin County Prison in Harrisburg, Pennsylvania, filed, *pro se*, a civil rights action with this Court pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff attached two (2) exhibits to his four-page, form Complaint. (*Id.*).  Plaintiff's exhibits consist of a Dauphin County Prison Report indicating that Plaintiff had injuries prior to his November 6, 2010 incarceration in Dauphin County Prison and that he was medically cleared to be imprisoned, and a Request for Clearance to Incarcerate Plaintiff from the Harrisburg, PA, Police Department dated November 6, 2010.  Both of Plaintiff's exhibits indicate that Plaintiff suffered from eye contusion as well as two lacerations, above and under, his left eye.  The exhibits also indicate that Plaintiff was treated at the Harrisburg Hospital and that he was cleared for confinement in the Dauphin County Prison.

Plaintiff additionally filed a form Motion for Leave to Proceed *in forma pauperis* (Doc. 3) and a form Prisoner Authorization permitting Dauphin County Prison to submit a copy of his inmate account to the Court and to deduct the filing fee from that account. (Doc. 2).

Also, on July 10, 2012, the Clerk of Court issued a Pro Se Letter (Doc. 4) acknowledging receipt of the Complaint and a Standing Practice Order. (Doc. 5). The following day, on July 11, 2012, the Clerk of Court issued an Administrative Order to the Prison Superintendent/Warden of Dauphin County Prison regarding Plaintiff's Prisoner Authorization. (Doc. 6).

Initially, Plaintiff does not note whether he has filed any other lawsuits in federal court while incarcerated. (Doc. 1, p. 1). Further, Plaintiff incorrectly states that no grievance procedure is available at Dauphin County Prison. However, Plaintiff does indicate that he has not filed a grievance because the incident complained of occurred prior to his imprisonment. (*Id.*). Plaintiff names in his Complaint the following three (3) Defendants: (1) the Steelton Police Department of Steelton, PA; (2) Sergeant David Crawford of the Steelton Police Department; and (3) Officer Arthur G. Etnoyer of the Steelton Police Department. (Doc. 1, p. 2).

This Court has subject matter jurisdiction over Plaintiff's case under 28 U.S.C. § 1331 and §1343(a).

II.     **COMPLAINT ALLEGATIONS**.

Plaintiff's claims do not involve the conditions of confinement at Dauphin County Prison. Rather, Plaintiff alleges that on November 5, 2010, Defendant Etnoyer arrested him in Steelton, PA, for an alleged robbery of Quintel Mills ("the Victim"). (Doc. 1, p. 2). Plaintiff avers that he was handcuffed behind his back and his legs were shackled, and instructed to sit on a nearby curb located on Rudy Road and Birchfield Street. (*Id.*). Plaintiff was informed that another officer would arrive with the alleged victim of the robbery ("the Victim") to make an

identification of himself and James Neely. (*Id.*).

Plaintiff states when Defendant Sergeant Crawford arrived with the Victim, the Victim pointed at Plaintiff and approached him with Defendant Crawford. (*Id.*) Plaintiff avers that Defendant Crawford brought the Victim within two or three feet of Plaintiff, and when Plaintiff turned his head to speak, the Victim (Mills) struck him in the left eye. (*Id.*).

Plaintiff states that he incurred lacerations on his cheekbone below the eye that required seven or eight sutures and that his eyelid necessitated surgical glue. Plaintiff states that he was treated for inquires at Harrisburg Hospital and his exhibits substantiate this fact. (Doc. 1, p. 3).

Plaintiff alleges that both individual Defendants placed him in harms way by failing to secure the area prior to his identification by the Victim. (*Id.*). Plaintiff additionally contends that the two individual Defendants knew the danger of the situation in which Plaintiff was purposefully placed. (*Id.*). Plaintiff asserts that Defendants placed him in harms way by: (1) conducting the identification outside while Plaintiff was restrained; and (2) allowing the Victim to come within two to three feet of Plaintiff without anything or anyone in between them. (*Id.*).

Plaintiff concludes that he was assaulted and seriously injured while in police custody when he should have been afforded protection by Defendants Crawford and Etnoyer and that, as a result, he required medical treatment from hospital staff that led to thirty (30) days of continued medical treatment at Dauphin County Prison for multiple scratches on his cornea necessitating daily pain medication and ointment. (*Id.*).

As mentioned, Plaintiff also names the Steelton Police Department as a Defendant but he fails to state any claim against either this Defendant or the City of Steelton under *Monell*. *See*

*Monell v. Dept. of Soc. Servs., NYC*, 436 U.S. 658, 694 (1978).

As relief, Plaintiff requests monetary damages from all Defendants, namely, compensatory damages in the amount of fifty thousand dollars ($50,000.00) and punitive damages in the amount of one hundred and fifty thousand dollars ($150,000.00).[1] (Doc. 1, p. 4).

As stated, Plaintiff's exhibits include a "Report of Extraordinary Occurrence" issued by Dauphin County Prison. (Doc. 1-2). The Report indicates that Plaintiff was injured prior to his incarceration on November 6, 2010, and that he was cleared to be incarcerated. The Report provides the following as explanation:

> On the above date and time Steelton Police Officer Fry committed to Dauphin County Prison inmate Gibson, Darryl with injuries prior to incarceration and a clearance to incarcerate from Harrisburg Hospital. Inmate Gibson, Darryl states these injuries were from the person he allegedly robbed, punching him in the face while he was cuffed and in police custody. Primecare medical employee Stacy Smith, LPN. examined inmate Gibson, Darryl in the prison intake lobby. Lt. Walter Hostetter took one digital photograph.

(Doc. 1-2, p. 2).

In addition to the "Report of Extraordinary Occurrence" is a "Medical Incident/Injury Report" of the Harrisburg Police Department which reflects that Plaintiff "presented [to Harrisburg Hospital] with two lacerations - one above his left eye and the other on upper left cheek [which required] sutures." (Doc. 1-2, p. 3). The Injury Report additionally indicates that

---

[1] Plaintiff's requests for specific amounts of monetary damages (Doc. 1, p. 4) should be stricken. Since Plaintiff seeks unliquidated damages, he cannot claim specific sums of relief. Pursuant to Local Rule 8.1, M.D. Pa., Plaintiff's requests for specific monetary damages should be stricken from his Complaint. *See Stuckey v. Ross*, Civil No. 05-2354, M.D. Pa., 1-9-06 Order, J. McClure; *Said v. Donate*, Civil No. 07-1550, M.D. Pa.

4

Plaintiff's left eye was "swollen and bruised." (*Id*.). Photos of Plaintiff's face and left eye area depicting his injuries are attached to the Reports.

To date, Plaintiff's instant civil rights Complaint has not yet been served on Defendants. We have been assigned Plaintiff's case for pre-trial matters. Because Plaintiff filed a Motion for Leave to Proceed *in forma pauperis* (Doc. 3), we are obliged to screen Plaintiff's Complaint. *See Abdul-Akbar v. McKelvie*, 239 F. 3d 307, 314 (3d Cir. 2001); *Banks v. County of Allegheny*, 568 F.Supp.2d 579, 589 (W.D. Pa. 2008).

### III.   STANDARDS OF REVIEW.

####   A.   *PRISON LITIGATION REFORM ACT*

As stated, the Plaintiff has filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 3). The Prison Litigation Reform Act of 1995,[2] (the "PLRA"), obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Specifically, Section 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

---

[2]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

```
```
B.   SECTION 1983 STANDARD

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained fo was committed by a person acting under color of state law; and, (2) that the conduct complained of deprived the Plaintiff of rights, privileges, or immunities secured by the laws or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F.3d 176, 184 (3d Cir. 1993); *Beattie v. Dept. of Corrections SCI-Mahanoy*, Civil No. 1:CV-08-00622, 2009 WL 533051, at *3 (M.D. Pa. Mar. 3, 2009). Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002). *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-99 (M.D. Pa. 2005); *Phillips v. Miller*, Civil No. 3:09-CV-0555, 2010 WL 771793, at *2 (M.D. Pa. Feb. 26, 2010).

C.   MOTION TO DISMISS STANDARD

In *Reisinger v. Luzerne County*, 712 F. Supp. 2d 332, 343-44 (M.D. Pa. 2010), this Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell v. Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, [556 U.S. 662], 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).
>
>> "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its fact.'" *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 1950. Moreover, it

B.   SECTION 1983 STANDARD

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained fo was committed by a person acting under color of state law; and, (2) that the conduct complained of deprived the Plaintiff of rights, privileges, or immunities secured by the laws or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F.3d 176, 184 (3d Cir. 1993); *Beattie v. Dept. of Corrections SCI-Mahanoy*, Civil No. 1:CV-08-00622, 2009 WL 533051, at *3 (M.D. Pa. Mar. 3, 2009). Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002). *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-99 (M.D. Pa. 2005); *Phillips v. Miller*, Civil No. 3:09-CV-0555, 2010 WL 771793, at *2 (M.D. Pa. Feb. 26, 2010).

C.   MOTION TO DISMISS STANDARD

In *Reisinger v. Luzerne County*, 712 F. Supp. 2d 332, 343-44 (M.D. Pa. 2010), this Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell v. Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, [556 U.S. 662], 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).
>
>> "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its fact.'" *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 1950. Moreover, it

> continued, "[d]etermining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted).

*McTernan v. City of York*, 577 F.3d 521, 530 (3d Cir. 2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009).

> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [*Iqbal*, 129 S.Ct. At 1949.] Second, a District Court must then determined whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips [v. Co. of Allegheny]*, 515 F.3d [224,] 234-35 [ (3d Cir. 2008) ]. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. At 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler*, 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Guirguis v. Movers Specialty Services, Inc.*, 346 Fed.Appx. 774, 776 (3d Cir. 2009) (*quoting Twombly*, 550 U.S. at 555, 127 S.Ct. 1955) (not precedential).

IV.     **DISCUSSION**.

In liberally construing Plaintiff's *pro se* Complaint, as we must, we find that Plaintiff raises a failure to protect claim against the two Defendant police officers. We note, however, that Plaintiff's constitutional failure to protect claims against Defendants Etnoyer and Crawford are properly raised under the Fourteenth Amendment Due Process Clause and not under the Eighth Amendment because these claims arose from an incident that occurred during Plaintiff's arrest, not from an incident that occurred during Plaintiff's post conviction confinement in Dauphin County Prison. *See Groman v. Township of Manalapan*, 47 F.3d 628, 633-34 (3d Cir. 1995) (citing *Brown v. Borough of Chambersburg*, 903 F.2d 274, 277 (3d Cir. 1990)) ("A cause of action exists under § 1983 when a law enforcement officer uses force so excessive that it violates the Fourth and Fourteenth Amendments to the United States Constitution."); *Fuentes v. Wagner*, 206 F.3d 335, 344 (3d Cir. 2000) (*quoting Colburn v. Upper Darby Township*, 838 F.2d 663, 668 (3d Cir. 1988)) (holding that a pretrial or even a pre-sentencing detainee claiming cruel and unusual punishment is governed by the Fourteenth, not the Eighth, Amendment, but that a pretrial detainee "is entitled 'at a minimum, [to] no less protection' than a sentenced inmate is entitled to under the Eighth Amendment"); *Natale v. Camden County Correctional Facility*, 318 F.3d 575, 581 (3d Cir. 2003) (citing *Boring v. Kozakiewicz*, 833 F.2d 468, 472 (3d Cir. 1987)) ("In previous cases, we have found no reason to apply a different standard than that set forth in *Estelle* (pertaining to prisoners' claims of inadequate medical care under the Eighth Amendment) when

evaluating whether a claim for inadequate medical care by a pre-trial detainee is sufficient under the Fourteenth Amendment.").[3]

Accordingly, as his failure to protect claim arises from his arrest on November 5, 2010, Plaintiff's claim falls under the Due Process Clause of the Fourteenth Amendment; however, this claim should still be analyzed under the Eighth Amendment standard, and we will evaluate it as such.

As noted above, Plaintiff alleges that his constitutional rights were violated during his arrest on November 5, 2010. (Doc. 1). An arrestee or prisoner may challenge conditions surrounding his or her arrest (e.g., the amount of force applied) in a § 1983 civil rights action, as long as success in that challenge would not implicate the legality or length of any confinement. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per

---

[3] The Supreme Court has held:

> The rationale for this principle is simple enough: when the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his based human needs—e.g., food, clothing, shelter, medical care, and reasonable safety—it transgresses the substantive limits on state action set by the Eighth Amendment and the Due Process Clause. [ ] The affirmative duty to protect arises not from the State's knowledge of the individual's predicament or from its expressions of intent to help him, but from the limitation which it has imposed on his freedom to act on his own behalf. [ ] In the substantive due process analysis, it is the State's affirmative act of restraining the individual's freedom to act on his own behalf—through incarceration, institutionalization, or other similar restraint of personal liberty—which is the "deprivation of liberty" triggering the protections of the Due Process Clause, not its failure to act to protect his liberty interests against harms inflicted by other means.

*DeShaney v. Winnebago Co. Dept. of Soc. Servs.*, 489 U.S. 189, 200 (1989) (internal citations omitted).

curiam); *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002). Plaintiff seeks compensatory and punitive damages as relief for his failure to protect claim, all in regard to his arrest on November 5, 2010. (Doc. 1, p. 4). As such, finding for Plaintiff would not challenge the length or legality of his imprisonment, and his claims are properly raised in a § 1983 action.

With respect to filing a §1983 action against a police department, namely, Defendant Steelton Police Department, this Court has stated:

> We also agree with [the defendants] that a municipal police department is not a proper Defendant in a § 1983 action. Defendants cite to *Padilla v. Township of Cherry Hill*, 110 Fed. Appx. 272 (3d Cir. 2004). In *Retzler v. Bristol Tp.*, 2009 WL 691993, *3 (E.D. Pa. 3-11-09), the Court stated:
>
>> A local police department may not be sued along with its municipality because the police department is not a separate legal entity. *See Padilla v. Twp. of Cherry Hill*, 110 F. App'x 272, 278 (3d Cir. 2004) ("In Section 1983 actions, police departments cannot be sued in conjunction with municipalities, because the police department is merely an administrative arm of the local municipality, and is not a separate judicial entity."); *see also Bonenberger v. Plymoth Twp.*, 132 F.3d 20, 25 n.4 (3d Cir. 1997); 2d 595, 599 (E.D. Pa. 2002) (dismissing Bristol Township Police Department because it cannot be sued alongside Bristol Township.)...
>
> As stated, Plaintiff has named both Harrisburg City Police Department and City of Harrisburg as Defendants in this case. As such, Plaintiff's case as agaisnt Harrisburg City Police Department should be dismissed. *Id.*; *Pirino v. Scranton Police Dept.*, 2005 WL 3006983, *3 (M.D. Pa. 11-9-05) ("police departments cannot be sued in conjunction with municipalities, because the police department is merely an administrative arm of the local municipality, and is not a separate judicial entity.") citing *Padilla v. Township of Cherry Hill*, 110 Fed. Appx. 272, 278 (3d Cir. 2004); *Draper v. Darby Tp. Police Dept.*, 777 F. Supp. 2d 850, 856 (E.D. Pa. 2011) (Court held that "Darby Police Department is not a 'person' subject to suit in a § 1983 civil rights action because **it lacks an identity separate from the municipality of which it is a part**.") citations

omitted.

*Laganella v. Don's & Son's Towing & Body Shop*, Civil Action No. 1:CV-11-1101, 2011 WL 7063643, at *11 (M.D. Pa. Oct. 11, 2011) (emphasis added).

Accordingly, we will recommend that the Steelton Police Department be dismissed from this action with prejudice. The Third Circuit has held that a Plaintiff who filed an *in forma pauperis* request and whose Complaint fails to state a cognizable claim is entitled to amend his pleading unless the Court finds bad faith, undue delay, prejudice, or futility. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002); *Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004). Based on the above discussion, we find futility in allowing Plaintiff to amend his Complaint as against Defendant Steelton Police Department. However, we will recommend that Plaintiff be granted leave to amend his Complaint to attempt to state a municipal liability claim under *Monell* against Steelton City.

While we do not find that Plaintiff has stated a claim against Steelton City under *Monell v. Department of Social Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), and even though Plaintiff did not name Steelton City as a Defendant in this case, we find that Plaintiff should be allowed leave of court to amend his Complaint to try and properly state a failure to protect claim under *Monell* against this City. Steelton City cannot beheld liable for the conduct of persons it supervises, such as the Steelton police officers, pursuant to *respondeat superior*. *Meyers v. Schuylkill Co. Prison*, 2006 WL

559467, *9 (M.D. Pa.).[4]  Rather, Steelton City "[is] subject to liability [in a §1983 action] to the extent [it] maintain[ed] an unconstitutional custom or policy that caused the alleged constitutional violation." *Id*. (citation omitted).  In *Mangus*, the Court stated:

> With respect to such institutional defendants it is clear that:
>
> [A] County cannot be held liable for the unconstitutional acts of its employees on a theory of respondeat superior. *See Monell v. Department of Social Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Instead, [a plaintiff] must demonstrate that the violation of his rights was caused by either a policy or a custom of the [county]. *See Beck v. City of Pittsburgh,* 89 F.3d 966, 971 (3d Cir.1996). *Berg v. County of Allegheny,* 219 F.3d 261, 275 (3d Cir.2000).

2010 WL 521114, *3.

No such custom or policy is specifically alleged by Plaintiff with respect to Steelton City.  Plaintiff does not make any allegations as described above against Steelton City necessary to make it subject to liability in this case.  Based on *Malles and Meyers*, as well as *Magnus*, we find Plaintiff's allegations do not sufficiently state that Steelton City caused any alleged constitutional violation by any police officer by having customs, policies, practices and procedures, and how these policies gave rise to the violation of his constitutional rights.

Insofar as Plaintiff requests monetary damages from Defendants Etnoyer and Crawford in their official capacities, we will recommend that any such claims be dismissed with prejudice. We find futility in allowing Plaintiff to amend his claims for

---

[4]*See also Mangus v. DCP*, 2010 WL 521114, *8-*6 (M.D. Pa.); *Brickell v. Clinton County Prison Bd.*, 658 F.Supp. 2d 621, 626-27 (M.D. Pa. 2009).

money damages against Defendants Etnoyer and Crawford in their official capacities. However, Plaintiff may request monetary damages from Defendants in their individual capacities.[5]

We find that Plaintiff has stated a failure to protect claim against Defendants Defendants Etnoyer and Crawford. We note that the State generally has no duty to protect individuals under the Due Processes Clauses of the Fifth and Fourteenth Amendments. *See DeShaney*, 389 U.S. at 200. The Third Circuit, however, has found that States have an affirmative duty to protect a citizen under the Constitution in two situations: (1) when there exists a "special relationship" between the State and the citizen; and, (2) when there exists a "state-created danger" to the citizen. *Gardner v. Luzerne Co.*, 645 F. Supp. 2d 325, 333 (M.D. Pa. 2009). With respect to the first situation, a special relationship, "'it is only when the state takes custody of a citizen, thereby depriving him of his liberty, that it assumes an affirmative duty to protect him

---

[5] It is unclear in which capacities Plaintiff is suing the individual Defendants. However, as stated, to the extent that Plaintiff seeks money damages from Defendants, he can only sue them in their individual, or personal, capacities because they are both state actors. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office ... As such, it is no different from a suit against the State itself."); *Atwell v. Schweiker*, 274 F. App'x 116, 117-18 (3d Cir. 2007) (non-precedential) ("The Eleventh Amendment bars a suit against state officials sued in their official capacities because the state is the real party in interest inasmuch as the plaintiff seeks recovery from the state treasury."); *Meekins v. Beard*, Civil No. 3:CV-06-0290, 2007 WL 675358, at *3 (M.D. Pa. Mar. 1, 2007) ("A suit brought against an individual acting in his or her official capacity is similarly deemed to be a suit against the state, and as such, barred by the Eleventh Amendment."). Thus, we will recommend that any claims for monetary damages against Defendants in their official capacities be dismissed with prejudice.

or her from harm.'" *Gardner*, 645 F. Supp. 2d at 333-34 (quoting *Bright v. Westmoreland Co.*, 443 F.3d 276, 280 (3d Cir. 2006)). We find that the state actor Defendants, Officer Etnoyer and Sargent Crawford, had a constitutional duty to protect the Plaintiff in this case because there existed a special relationship in which the State had custody of Plaintiff and, Plaintiff was handcuffed and shackled.

The Supreme Court has held that the Due Process Clause of the Fourteenth Amendment creates an affirmative duty to protect individuals such as pretrial detainees, persons in mental institutions, convicted felons, and persons under arrest. *Gardner*, 645 F. Supp. 2d at 334 (citing *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 127-28 (1992)). Accordingly, we find that the individual Defendants in this case, Officer Etnoyer and Sargent Crawford, as arresting officers, had an affirmative duty to protect Plaintiff.

In finding this "special relationship," we now apply the Eighth Amendment standard to Plaintiff's Fourteenth Amendment failure to protect claim. In *Glazewski v. Corzine*, 385 Fed. App'x 83, 88 (3d Cir. 2010), the Court stated:

> To establish a failure to protect claim, [an arrestee must prove that] the prison official acted with "deliberate indifference" to his health and safety. *Farmer,* 511 U.S. at 834, 114 S.Ct. 1970. "[T]he official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware." *Beers-Capitol v. Whetzel,* 256 F.3d 120, 133 (3d Cir. 2001).

In *Beers-Capitol v. Whetzel*, 256 F.3d 120, 133 (3d Cir. 2001), the Third Circuit stated that:

> [S]ubjective knowledge on the part of the official can be proved by circumstantial evidence to the effect that the excessive risk was so obvious that the official must have known of the risk. *See* [*Farmer*, 511 U.S.] at 842, 114 S.Ct. 1970. Finally, a defendant can rebut a prima facie demonstration of deliberate indifference

either by establishing that he did not have the requisite level of knowledge or awareness of the risk, or that, although he did know of the risk, he took reasonable steps to prevent the harm from occurring. *See id.* at 844.

Plaintiff alleges the following facts regarding his Fourteenth Amendment failure to protect claim:

> On the evening of November 5, 2012, Sgt. Crawford along with Officer (sic) Etnoyer both placed me in harm's (sic) way by not securing the area [where] identification took place (on curb, on Rudyrawd Rd. Birchfield St.). [Neither] Sgt. Crawford nor Officer (sic) Etnoyer took into (sic) account the danger of the situation they purposely placed me in by their combined actions. First, by effecting (sic) identification outside (in public) with me handcuffed and shackled sitting on a curbside. Secondly, both officers allowed an alleged robbery victim within 2 to 3 feet of my person without anyone between us. Ultimately, I was attacked and severely injured while in the custody, the mercy of the protection of Sgt. Crawford and Officer (sic) Etnoyer . . .

(Doc. 1, p. 3).

Based on Plaintiff's allegations , we find Plaintiff has sufficiently stated enough information to allow his failure to protect claim against Defendants Officer Etnoyer and Sargent Crawford to proceed. Thus, we will recommend that Plaintiff's Fourteenth Amendment failure to protect claim be allowed to go forward as against Defendants Officer Etnoyer and Sargent Crawford.

## V.     RECOMMENDATION.

Based on the foregoing, it is respectfully recommended that Plaintiff's claims for money damages against Defendants Officer Etnoyer and Sargent Crawford in their official capacities  be **DISMISSED WITH PREJUDICE**.  We also recommended that Defendant Steelton Police Department be **DISMISSED WITH PREJUDICE** from this action.   We recommend that Plaintiff be granted leave to file an amended Complaint, if he so desires, as against Steelton City under *Monell*.

We additionally recommend that Plaintiff's Fourteenth Amendment failure to protect claim against Defendants Crawford and Etnoyer be **PERMITTED TO PROCEED**.

Finally, it is recommended that this case be remanded to the undersigned for further proceedings.


                                                                s/ Thomas M. Blewitt
                                                                **THOMAS M. BLEWITT**
                                                                **United States Magistrate Judge**

**Dated: August 7, 2012**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARYL T'WAIN GIBSON, SR., | : | CIVIL ACTION NO. **1:12-CV-1328** |
| Plaintiff | : | (Chief Judge Kane) |
| v. | : | (Magistrate Judge Blewitt) |
| STEELTON POLICE DEPT., *et al.*, | : | |
| Defendants | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **August 7, 2012.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections may constitute a waiver of any appellate rights.

                                                s/ Thomas M. Blewitt
                                                **THOMAS M. BLEWITT**
                                                **United States Magistrate Judge**

**Dated: August 7, 2012**