IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| DARYL T'WAIN GIBSON, SR., | : | CIVIL ACTION NO. **1:CV-12-1328** |
|---|---|---|
| Plaintiff | : | (Chief Judge Kane) |
| v. | : | (Magistrate Judge Blewitt) |
| STEELTON POLICE DEPT., et al., | : | |
| Defendants | : | |

## REPORT & RECOMMENDATION

**I.  BACKGROUND**

On July 10, 2012, Plaintiff Daryl T'wain Gibson, Sr., currently an inmate at Dauphin County Prison in Harrisburg, Pennsylvania, filed, *pro se*, a civil rights action with this Court pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff attached one (1) exhibit to his five-page, form Complaint. (*Id.*). Plaintiff additionally filed a form Motion for Leave to Proceed *in forma pauperis* (Doc. 3) and a form Prisoner Authorization permitting Dauphin county Prison to submit a copy of his inmate account to the Court and to deduct the filing fee from that account. (Doc. 2).

Also on July 10, 2012, the Clerk of Court issued a Pro Se Letter (Doc. 4) acknowledging receipt of the Complaint and a Standing Practice Order (Doc. 5). The following day, on July 11, 2012, the Clerk of Court issued an Administrative Order to the Prison Superintendent/Warden of Dauphin County Prison regarding Plaintiff's Prisoner Authorization. (Doc. 6).

Initially, Plaintiff does not note whether he has filed any other lawsuits in federal court while incarcerated. (Doc. 1, p. 1). Further, Plaintiff states that no grievance procedure is available at Dauphin County Prison and that he has not filed a grievance because the incident

complained of occurred prior to Plaintiff's imprisonment. (*Id*.). Plaintiff names in his Complaint three (3) Defendants: (1) the Steelton Police Department; (2) Sergeant David Crawford of the Steelton Police Department; and (3) Officer Arthur G. Etnoyer of the Steelton Police Department. (Doc. 1, p. 2).

By way of background, on November 5, 2010, Defendant Etnoyer arrested Plaintiff for robbery. (Doc. 1, p. 2). Plaintiff was handcuffed behind his back, shackled, and instructed to sit on a nearby curb. (*Id*.). Plaintiff was informed that another officer would arrive with the alleged victim of the robbery ("the Victim") to make an identification. (*Id*.).

When Defendant Crawford arrived with the Victim, the Victim pointed at Plaintiff and approached him with Defendant Crawford. (*Id*.) Plaintiff asserts that Defendant Crawford brought the Victim within two or three feet of Plaintiff, and when Plaintiff turned his head to speak, the Victim struck him in the left eye. (*Id*.).

Plaintiff states that he incurred lacerations on his cheekbone below the eye that required seven or eight sutures and that his eyelid necessitated surgical glue, treatments that he received at Harrisburg Hospital. (Doc. 1, p. 3).

Based on these facts, in his original Complaint, Plaintiff alleged a Fourteenth Amendment failure to protect claim arguing that both individual Defendants placed him in harm's way by failing to secure the area prior to the identification. (*Id*.). Plaintiff averred that these individual Defendants knew the danger of the situation in which Plaintiff was purposefully placed. (*Id*.). Plaintiff asserts that Defendants placed him in harm's way by: (1) conducting the identification outside while Plaintiff was restrained; and (2) allowing the Victim to come within two to three

feet of Plaintiff without anything or anyone in between them. (*Id.*).

Plaintiff concluded that he was assaulted and seriously injured while in custody when he should have been afforded protection by Defendants Crawford and Etnoyer, and, as a result, he required medial treatment from hospital staff that led to thirty (30) days of continued medial treatment at Dauphin County Prison for multiple scratches on his cornea necessitating daily pain medication and ointment. (*Id.*).

As relief, in his Original Complaint, Plaintiff requested monetary damages from all Defendants: compensatory damages in the amount of fifty thousand dollars ($50,000.00) and punitive damages in the amount of one hundred and fifty thousand dollars ($150,000.00). (Doc. 1, p. 4).

On August 7, 2012, we issued a Report and Recommendation recommending that: (1) Plaintiff's claims for monetary damages against Defendants Etnoyer and Crawford in their official capacities be dismissed with prejudice; (2) Defendant Steelton Police Department be dismissed with prejudice; (3) Plaintiff be granted leave to file an amended complaint against Steelton City under Monell; (4) Plaintiff's Fourteenth Amendment failure to protect claim against Defendants Etnoyer and Crawford be permitted to proceed; and (5) this case be remanded to the undersigned for further proceedings. (Doc. 9).

On August 27, 2012, the Court adopted our Report and Recommendation stating:

1. Magistrate Judge Blewitt's Report and Recommendation (Doc. No. 9) is **ADOPTED**;

2. Plaintiff's Fourteenth Amendment failure-to-protect claim against Defendants Arthur G. Etnoyer and David Crawford is **ALLOWED TO PROCEED**;

3. Plaintiff's claims against Defendants Etnoyer and Crawford, in their official capacities, are **DISMISSED WITH PREJUDICE**;

4. Plaintiff's claims against Defendant Steelton Police Department are **DISMISSED WITH PREJUDICE**, and the Clerk of Court is directed to **TERMINATE** Defendant Steelton Police Department from this action;

5. Plaintiff is granted leave to file an amended complaint to raise a municipal liability claim against the Borough of Steelton, pursuant to Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978), within twenty-one days of the date of this order; and

6. All further proceedings in this matter are referred to Magistrate Judge Blewitt.

(Doc. 12, p. 1).

On September 15, 2012, Plaintiff filed an Amended Complaint (Doc. 15), which we will now screen as we are obliged to for any *in forma pauperis* filings under 28 U.S.C. § 1915(e).

## II. STANDARDS OF REVIEW

### A. PRISON LITIGATION REFORM ACT

As stated, the Plaintiff has filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 2). The Prison Litigation Reform Act of 1995,[1] (the "PLRA"), obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Specifically, Section 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal

---

[1] Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

4

> (i) is frivolous or malicious; (ii) fails to
> state a claim on which relief may be granted;
> or (iii) seeks monetary relief against a
> defendant who is immune from such relief.

### B. SECTION 1983 STANDARD

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained fo was committed by a person acting under color of state law; and, (2) that the conduct complained of deprived the Plaintiff of rights, privileges, or immunities secured by the laws or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F.3d 176, 184 (3d Cir. 1993); *Beattie v. Dept. of Corrections SCI-Mahanoy*, Civil No. 1:CV-08-00622, 2009 WL 533051, at *3 (M.D. Pa. Mar. 3, 2009). Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002). *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-99 (M.D. Pa. 2005); *Phillips v. Miller*, Civil No. 3:09-CV-0555, 2010 WL 771793, at *2 (M.D. Pa. Feb. 26, 2010).

### C. MOTION TO DISMISS STANDARD

In *Reisinger v. Luzerne County*, 712 F. Supp. 2d 332, 343-44 (M.D. Pa. 2010), this Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell v. Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, [556 U.S. 662], 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

5

> "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its fact.'" *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted).

*McTernan v. City of York*, 577 F.3d 521, 530 (3d Cir. 2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009).

> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [*Iqbal*, 129 S.Ct. At 1949.] Second, a District Court must then determined whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips [v. Co. of Allegheny]*, 515 F.3d [224,] 234-35 [ (3d Cir. 2008) ]. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. At 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler*, 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to

accept as true a legal conclusion couched as a factual allegation.'" *Guirguis v. Movers Specialty Services, Inc.*, 346 Fed.Appx. 774, 776 (3d Cir. 2009) (*quoting Twombly*, 550 U.S. at 555, 127 S.Ct. 1955) (not precedential).

## III. DISCUSSION

In his Amended Complaint, Plaintiff states that he "would like to have his original complaint amended to add the Borough of Steelton in a municipal liability claim for wrongful injury, also Defendants Arthur C. Etnoyer and Sgt. David Crawford for my original Fourteenth Amendment failure-to-protect claim, pursuant to Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978)." (Doc. 15, p. 1). However, this is all Plaintiff states in his Amended Complaint.

We need not address Plaintiff's Fourteenth Amendment failure-to-protect allegations in this Report and Recommendation because the Court has already ordered that this claim be permitted to proceed against Defendants Etnoyer and Crawford in their individual capacities. (Doc. 12, p. 1).[2]

---

[2] To the extent that Plaintiff seeks money damages from Defendants, he can only sue them in their individual, or personal, capacities because they are all state actors. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office ... As such, it is no different from a suit against the State itself."); *Atwell v. Schweiker*, 274 F. App'x 116, 117-18 (3d Cir. 2007) (non-precedential) ("The Eleventh Amendment bars a suit against state officials sued in their official capacities because the state is the real party in interest inasmuch as the plaintiff seeks recovery from the state treasury."); *Meekins v. Beard*, Civil No. 3:CV-06-0290, 2007 WL 675358, at *3 (M.D. Pa. Mar. 1, 2007) ("A suit brought against an individual acting in his or her official capacity is similarly deemed to be a suit against the state, and as such, barred by the Eleventh Amendment."). Thus, we will recommend that any claims for monetary damages against Defendants in their official capacities be dismissed with prejudice.

However, with regards to Plaintiff attempting to add the Borough of Steelton as a Defendant by simply asking the Court do so, without any factual support or allegations to support a Monell claim, we will recommend that the Court dismiss with prejudice Plaintiff's attempt at a Monell claim against the Borough of Steelton.

First and foremost, the Amended Complaint is not a new pleading that stands by itself as an adequate complaint without reference to the complaint already filed, as required by *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Additionally, Plaintiff's Amended Complaint does not establish the existence of actions by the Defendants which have resulted in constitutional deprivations. *E.g, Rizzo v. Goode*, 423 U.S. 362, 370-73 (1976). It also does not specify which actions are alleged as to which Defendants.

Furthermore, Plaintiff has failed to properly allege a *Monell* claim against the Borough of Steelton. When a claim against a municipality or governmental entity such as the proposed Defendant Borough of Steelton is based on §1983, the entity can only be liable when the alleged constitutional violation implements or executes a policy, regulation or decision officially adopted by the governing body or informally adopted by custom. *Monell v. Department of Social Servs.*, 436 U.S. 658, 691, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). A governmental custom for purposes of Section 1983 is defined as "such practices of state officials…[as are] so permanent and well-settled as to constitute a 'custom or usage' with the force of law." *Id*. at 691. Custom can be shown by evidence of knowledge and acquiescence by high-level policy-makers. *Fletcher v.*

*O'Donnell*, 867 F.2d 791, 793 (3d Cir. 1989). The court must then inquire "whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). The policy must be the "moving force" behind the constitutional violation. *Cornfield v. Consolidated High Sch. Dist. No. 230*, 991 F.2d 1316 (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985) (plurality opinion)).

Plaintiff has not alleged that the Borough of Steelton has implemented a policy or custom that endorses, supports or permits constitutional violations, such as those alleged in the Complaint. Therefore, we will recommend that Plaintiff's attempt to add the Borough of Steelton as a Defendant and allege a *Monell* claim against the Borough of Steelton be dismissed with prejudice.

## V.   RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Plaintiff's Fourteenth Amendment failure to protect claim against Defendants Etnoyer and Crawford in their individual capacities be permitted to proceed per the Court's August 27, 2012 Order. (Doc. 12, p. 1).

We additionally recommend that Plaintiff's attempt to add the Borough of Steelton as a Defendant and to allege a Monell claim against this Borough be dismissed with prejudice.

Finally, it is recommended that this case be remanded to the undersigned for further proceedings.

s/ Thomas M. Blewitt
THOMAS M. BLEWITT
**United States Magistrate Judge**

**Dated: September 27, 2012**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARYL T'WAIN GIBSON, SR., | : | CIVIL ACTION NO. **1:12-CV-1328** |
| Plaintiff | : | (Judge Kane) |
| v. | : | (Magistrate Judge Blewitt) |
| STEELTON POLICE DEPT., et al., | : | |
| Defendants | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **September 27, 2012.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to our foregoing Report and Recommendation may constitute a waiver of any appellate rights.

                                              **s/ Thomas M. Blewitt**
                                              **THOMAS M. BLEWITT**
                                              **United States Magistrate Judge**

**Dated: September 27, 2012**