IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARYL T'WAIN GIBSON, SR., | : | CIVIL ACTION NO. **1:CV-12-1328** |
| Plaintiff | : | (Chief Judge Kane) |
| v. | : | (Magistrate Judge Blewitt) |
| STEELTON POLICE DEPT., et al., | : | |
| Defendants | : | |

## **REPORT & RECOMMENDATION**

**I.     BACKGROUND**

On July 10, 2012, Plaintiff Daryl T'wain Gibson, Sr., currently an inmate at Dauphin County Prison in Harrisburg, Pennsylvania, filed, *pro se*, a civil rights action with this Court pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff attached one (1) exhibit to his five-page, form Complaint. (*Id.*). Plaintiff additionally filed a form Motion for Leave to Proceed *in forma pauperis* (Doc. 3) and a form Prisoner Authorization permitting Dauphin county Prison to submit a copy of his inmate account to the Court and to deduct the filing fee from that account. (Doc. 2).

Also on July 10, 2012, the Clerk of Court issued a Pro Se Letter (Doc. 4) acknowledging receipt of the Complaint and a Standing Practice Order (Doc. 5). The following day, on July 11, 2012, the Clerk of Court issued an Administrative Order to the Prison Superintendent/Warden of Dauphin County Prison regarding Plaintiff's Prisoner Authorization. (Doc. 6).

Plaintiff did not note whether he has filed any other lawsuits in federal court while incarcerated. (Doc. 1, p. 1). Further, Plaintiff stated that no grievance procedure was available at Dauphin County Prison and that he did not file a grievance because the incident complained

of occurred prior to Plaintiff's imprisonment. (*Id.*). Plaintiff named three (3) Defendants in his Complaint: (1) the Steelton Police Department; (2) Sergeant David Crawford of the Steelton Police Department; and (3) Officer Arthur G. Etnoyer of the Steelton Police Department. (Doc. 1, p. 2).

By way of background, on November 5, 2010, Defendant Etnoyer arrested Plaintiff for robbery. (Doc. 1, p. 2). Plaintiff was handcuffed behind his back, shackled, and instructed to sit on a nearby curb. (*Id.*). Plaintiff was informed that another officer would arrive with the alleged victim of the robbery ("Victim" Quintel Mills) to make an identification. (*Id.*).

When Defendant Crawford arrived with the victim, the victim pointed at Plaintiff and approached him with Defendant Crawford. (*Id.*). Plaintiff asserts that Defendant Crawford brought the victim within two or three feet of Plaintiff, and when Plaintiff turned his head to speak, the victim struck him in the left eye. (*Id.*).

Plaintiff states that he incurred lacerations on his cheekbone below the eye that required seven or eight sutures and that his eyelid necessitated surgical glue, treatments that he received at Harrisburg Hospital. (Doc. 1, p. 3).

Based on these facts, in his original Complaint, Plaintiff alleged a Fourteenth Amendment failure to protect claim arguing that both individual defendants placed him in harm's way by failing to secure the area prior to the identification. (*Id.*). Plaintiff averred that these individual defendants knew the danger of the situation in which Plaintiff was purposefully placed. (*Id.*). Plaintiff asserts that defendants placed him in harm's way by: (1) conducting the identification outside while Plaintiff was restrained; and (2) allowing the victim to come within two to three

feet of Plaintiff without anything or anyone in between them. (*Id*.).

Plaintiff concluded that he was assaulted and seriously injured while in custody when he should have been afforded more protection by Defendants Crawford and Etnoyer, and, as a result, he required medical treatment from hospital staff that led to thirty (30) days of continued medical treatment at Dauphin County Prison for multiple scratches on his cornea necessitating daily pain medication and ointment. (*Id*.).

As relief, in his original Complaint, Plaintiff requested monetary damages from all Defendants: compensatory damages in the amount of fifty thousand dollars ($50,000.00) and punitive damages in the amount of one hundred and fifty thousand dollars ($150,000.00). (Doc. 1, p. 4).

On August 7, 2012, we issued a Report and Recommendation recommending that: (1) Plaintiff's claims for monetary damages against Defendants Etnoyer and Crawford in their official capacities be dismissed with prejudice; (2) Defendant Steelton Police Department be dismissed with prejudice; (3) Plaintiff be granted leave to file an amended complaint against Steelton City under Monell; (4) Plaintiff's Fourteenth Amendment failure to protect claim against Defendants Etnoyer and Crawford be permitted to proceed; and (5) this case be remanded to the undersigned for further proceedings. (Doc. 9).

On August 27, 2012, the Court adopted our Report and Recommendation stating:

1. Magistrate Judge Blewitt's Report and Recommendation (Doc. No. 9) is **ADOPTED**;

2. Plaintiff's Fourteenth Amendment failure-to-protect claim against Defendants Arthur G. Etnoyer and David Crawford is **ALLOWED TO PROCEED**;

3. Plaintiff's claims against Defendants Etnoyer and Crawford, in their official capacities, are **DISMISSED WITH PREJUDICE**;

4. Plaintiff's claims against Defendant Steelton Police Department are **DISMISSED WITH PREJUDICE**, and the Clerk of Court is directed to **TERMINATE** Defendant Steelton Police Department from this action;

5. Plaintiff is granted leave to file an amended complaint to raise a municipal liability claim against the Borough of Steelton, pursuant to <u>Monell v. Department of Social Services of City of New York</u>, 436 U.S. 658 (1978), within twenty-one days of the date of this order; and

6. All further proceedings in this matter are referred to Magistrate Judge Blewitt.

(Doc. 12, p. 1).

On September 15, 2012, Plaintiff filed an Amended Complaint, in which Plaintiff stated that he "would like to have his original complaint amended to add the Borough of Steelton in a municipal liability claim for wrongful injury, also Defendants Arthur C. Etnoyer and Sgt. David Crawford for my original Fourteenth Amendment failure-to-protect claim, pursuant to Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978)." (Doc. 15, p. 1). However, that was all Plaintiff stated in his Amended Complaint.

On September 27, 2012, we issued a second Report and Recommendation in which we recommended that (1) Plaintiff's Fourteenth Amendment failure to protect claim against Defendants Etnoyer and Crawford in their individual capacities be permitted to proceed per the Court's August 27, 2012 Order. (Doc. 12, p. 1). (2) We additionally recommended that Plaintiff's attempt to add the Borough of Steelton as a Defendant and to allege a Monell claim against this Borough be dismissed with prejudice. (3) Finally, we recommended that this case be remanded to the undersigned for further proceedings (*Id.*).

4

On October 16, 2012, the Court adopted our second Report and Recommendation stating:

1. Magistrate Judge Blewitt's Report and Recommendation (Doc. 16) is **ADOPTED**;

2. Plaintiff's municipal liability claim against Defendant Borough of Steelton is **DISMISSED WITH PREJUDICE**, and the Clerk of Court is directed to **TERMINATE** Defendant Borough of Steelton from this action;

3. In accordance with the Court's August 27, 2012 order, Plaintiff's failure-to-protect claim against Defendants Arthur G. Etnoyer and David Crawford is **ALLOWED TO PROCEED**, and

4. All further proceedings in this action are referred to Magistrate Judge Blewitt.

(Doc. 17, p. 1-2).

Therefore, the only remaining claim is a Fourteenth Amendment claim against Defendants Crawford and Etnoyer as individuals.[1]

Further, on October 19, 2012, the Court granted Plaintiff's Doc. 3 motion to proceed without prepayment of fees and costs and ordered that the Amended Complaint be served on the remaining Defendants (Doc. 19). On December 11, 2012, Defendants filed their answer

---

[1] As we stated in our Doc. 16 Report and Recommendation, adopted by the Court on October 16, 2012 (Doc. 17), to the extent that Plaintiff seeks money damages from Defendants, he can only sue them in their individual, or personal, capacities because they are both state actors. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office ... As such, it is no different from a suit against the State itself."); *Atwell v. Schweiker*, 274 F. App'x 116, 117-18 (3d Cir. 2007) (non-precedential) ("The Eleventh Amendment bars a suit against state officials sued in their official capacities because the state is the real party in interest inasmuch as the plaintiff seeks recovery from the state treasury."); *Meekins v. Beard*, Civil No. 3:CV-06-0290, 2007 WL 675358, at *3 (M.D. Pa. Mar. 1, 2007) ("A suit brought against an individual acting in his or her official capacity is similarly deemed to be a suit against the state, and as such, barred by the Eleventh Amendment."). Thus, any claims for monetary damages against Defendants in their official capacities were dismissed with prejudice.

5

to Plaintiff's Amended Complaint (Doc. 25).

On October 24, 2012, Plaintiff filed a notice with the Court of his change of address (Doc. 20). Plaintiff now resides at State Correctional Institution - Pine Grove, Indiana (*Id*.).

On January 18, 2013, Defendants filed a Motion to Take a Deposition from Plaintiff (Doc. 32). The Court granted the Defendants' motion on January 22, 2013 (Doc. 33).

On April 12, 2013, Defendants filed a Motion for Summary Judgment (Doc. 40). At the same time, Defendants also filed a Statement of Material Facts (Doc. 41) and attached Plaintiff's Deposition (Doc 41-1, Ex. A), Plaintiff's criminal docket from his case with the Commonwealth of Pennsylvania (Doc. 41-2, Ex. B), the dispatch report in Plaintiff's criminal case with the Commonwealth (Doc. 41-3, Ex. C), the Declaration of Hudson Hughes (Doc. 41-4, Ex. D), the Declaration of Defendant Crawford (Doc. 41-5, Ex. E), a police report regarding Plaintiff's robbery (Doc. 41-6, Ex. F), and the Declaration of Defendant Etnoyer (Doc. 41-7, Ex. G). Also on April 12, 2013, Defendants filed a Brief in Support of their Motion to Dismiss (Doc. 42) and attached slip copies of *McClain v. Davis*, 1:12-CV-352, 2012 WL 5494670 (M.D. Pa. Nov. 13, 2012) and *Lyons v. Beard*, 3:07-CV-00444, 2011 WL 2446311 (M.D. Pa. June 15, 2011) (Docs 42-1, Ex. H; 42-2, Ex. I).

On May 13, 2013, Plaintiff filed his Brief in Opposition to Defendants' Motion for Summary Judgment (Doc. 47). On the same day, he filed an Affidavit from James Neely (Doc. 48) and an Affidavit from himself (Doc. 49). Plaintiff attached to his affidavit a copy of the police report regarding his robbery arrest (Doc. 49, pp. 4-5)[2]. Also on May 13, 2013,

---

[2] The Clerk failed to mark this attachment as an exhibit or in any other way differentiate the attachment from the Plaintiff's Affidavit.

Plaintiff filed a Statement of Material Facts (Doc. 50). Defendants filed a Reply Brief (Doc. 51) on May 20, 2013 and attached Defendant Crawfod's Supplemental Declaration (Doc 51-1, Ex. J).

After adequate time for all parties, Defendants' Motion for Summary Judgment is ripe for our adjudication.

## II. STANDARDS OF REVIEW

### A. SECTION 1983 STANDARD

In a § 1983 civil rights action, the plaintiff must prove the following two essential elements: (1) that the conduct complained fo was committed by a person acting under color of state law; and, (2) that the conduct complained of deprived the Plaintiff of rights, privileges, or immunities secured by the laws or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F.3d 176, 184 (3d Cir. 1993); *Beattie v. Dept. of Corrections SCI-Mahanoy*, Civil No. 1:CV-08-00622, 2009 WL 533051, at *3 (M.D. Pa. Mar. 3, 2009). Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002). *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-99 (M.D. Pa. 2005); *Phillips v. Miller*, Civil No. 3:09-CV-0555, 2010 WL 771793, at *2 (M.D. Pa. Feb. 26, 2010).

### B. SUMMARY JUDGMENT STANDARD

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

> The Third Circuit Court of Appeals recently set out the

appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).

[D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*
*Fowler,* 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.,* No. 09-1104, 2009 WL

3041992, at *2 (3d Cir. Sept. 24, 2009) (*quoting Twombly*, 550 U.S. at 555) (not precedential).

Thus, "summary judgment is proper, when, viewing the evidence in the light most favorable to the non-movant, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Anderson v. General Motors*, 2009 WL 237247, *2 (3d Cir.)(citation omitted); *Page v. Trustees of Univ. of Pennsylvania*, 222 Fed. Appx. 144 at 145 (3d Cir. 2007) (the court must "view the facts in the light most favorable to the party opposing the [summary judgment] motion when making [its] determination."); *Burlington v. News Corp.*, 759 F.Supp. 2d at 589-90. "Material facts" are those which might affect the outcome of the suit. *Justofin v. Metropolitan Life Ins. Co.*, 372 F.3d 517, 521 (3d Cir. 2004).

A motion for summary judgment may not be granted unless there is not genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A material fact is one that may affect the outcome of the suit. *Justofin v. Metro. Life Ins. Co.*, 372 F.3d 517, 521 (3d Cir. 2004). The moving party may demonstrate that no genuine dispute as to any material fact exists by citing to pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits. Fed. R. Civ. P. 56(c). The reviewing court may consider any materials in the record in determining whether there exists a genuine issue of material fact. Fed. R. Civ. P. 56(c)(3). An issue of fact is "'genuine only if a reasonable jury, considering the evidence presented, could find for the nonmoving party." *Childers v. Joseph*, 842 F.2d 689, 693-94 (3d Cir. 1988) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).

The burden of proving lack of genuine issue of material fact is initially on the moving party. *Childers*, 842 F.2d at 694 (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). The burden of proof shifts to the nonmoving party, however, when the moving party demonstrates no such genuine issue of fact. *Forms, Inc. v. Am. Standard, Inc.*, 546 F. Supp. 314, 321 (E.D. Pa. 1982), *aff'd. mem.*, 725 F.2d 667 (3d Cir. 1983). The nonmoving party is required to go beyond the pleadings and by affidavits or by "depositions, answers to interrogatories and admissions on file," designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324.

In determining the existence of an issue of material fact, the reviewing court must consider the evidence in the light most favorable to the nonmoving party. *White v. Westinghouse Electric Co.*, 862 F.2d 56, 59 (3d Cir. 1988). As such, the court must accept the nonmoving party's allegations as true and resolve any conflicts in his or her favor. *Id.* (*citing Gans v. Mundy*, 762 F.2d 338, 340 (3d Cir. 1985), cert. denied, 474 U.S. 1010 (1985); *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976), cert. denied, 429 U.S. 1038 (1977).[3]

"Material facts" are those which might affect the outcome of the suit. *Justofin v. Metropolitan Life Ins. Co.*, 372 F.3d 517, 521 (3d Cir. 2004).

## III. STATEMENT OF FACTS

On November 5, 2010, Defendants Sergeant David Crawford and Officer Arthur

---

[3]*See also Allen v. Fletcher*, Civil Action No. 3:07-0722, 2009 WL 1542767, at *2 (M.D. Pa. June 2, 2009) (outlining the summary judgment standard).

Etnoyer, both of the Steelton Police Department, responded to a call from alleged victim Quintel Mills about a robbery at gunpoint in his home (Doc. 41, ¶¶ 39-42; Docs 41-5, 41-6).

Also on November 5, 2010, Plaintiff Gibson was a passenger in a green minivan in Harrisburg City driven by his brother, James Neely. (Doc. 41, ¶ 4; Doc. 41-1, pp. 15-16; Doc. 41-7 ¶ 9). Police pulled Plaintiff and Neely over and several additional police (5 or 6 vehicles) arrived very shortly thereafter (Doc 41, ¶¶ 6-7, 10, 11; Doc. 41-1, pp. 35, 43, 44, 45, 46). Police told Plaintiff Gibson that he was stopped for robbery and they instructed Plaintiff to sit on the curb while many police officers were in the vicinity (Doc. 41, ¶¶ 16-18; Doc. 41-1, pp. 18, 39). Defendant Crawford pulled up toward Plaintiff with Mr. Mills who identified Plaintiff and his brother as the men who robbed him but Mills did not indicate that he posed any threat to Plaintiff. (Doc. 41, ¶¶ 19, 21-23; Doc 41-1, pp. 19-20). Mills was two or three feet away from Plaintiff at that point (Doc. 41, ¶ 24; Doc. 41-1, p. 47). Mills took one swing at Plaintiff and hit Plaintiff in the face (Doc. 41, ¶¶ 27, 28; Doc. 41-1, pp. 20, 48). Officer Hughes, then a Harrisburg Police Officer, arrested Mills (Doc. 41, ¶ 39; Docs 41-3 Ex. C, 41-4 Ex. D). Plaintiff did not see the arrest take place (Doc. 41-1, p. 25).

IV.  DISCUSSION

In *Glazewski v. Corzine*, 385 Fed.Appx. 83, 88 (3d Cir. 2010), the Court stated:

> To establish a failure to protect claim, an inmate must demonstrate that: (1) he is "incarcerated under conditions posing a substantial risk of serious harm;" and (2) the prison official acted with "deliberate indifference" to his health and safety. *Farmer,* 511 U.S. at 834, 114 S.Ct. 1970. "[T]he official

11

must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware." *Beers-Capitol v. Whetzel,* 256 F.3d 120, 133 (3d Cir.2001).

*See also Smith v. Donate*, 2012 WL 3537017,*9-*10 (M.D. Pa. June 15, 2012) adopted by 2012 WL3537008 (M.D. Pa. Aug. 15, 2012).

Additionally, the Third Circuit defined deliberate indifference as "a subjective standard in that the ... official must actually have known or been aware of the excessive risk to [prisoner] safety." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001); *See also Bizzell v. Tennis*, 449 Fed. Appx. 112, 115 (3d Cir. 2011). Furthermore, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer*, 511 U.S. at 837. Also, "mere negligence or inadvertence will not satisfy the deliberate indifference standard and cannot constitute a violations of the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 105-06, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976).

In *Tapp v. Proto*, 718 F.Supp. 2d 598, 616 (E.D. Pa. 2010), the Court stated that since the Plaintiff inmate was a pretrial detainee at the prison, his constitutional claims regarding the conditions of confinement and denial of proper medical care fell under the Fourteenth Amendment Due Process Clause. (citations omitted). Thus, since Plaintiff West was a pretrial detainee during the time at issue here, his claims should be examined under the Fourteenth Amendment's due process standard. *Id*. at 621-22; *Brown v. Deparlos*, 2011 WL 1158289, *4 (M.D. Pa. 3-28-11)(Court held that if Plaintiff inmate was a pretrial detainee, his constitutional claims had to be considered under the Fourteenth Amendment

Due Process Clause rather than the Eighth Amendment)(citations omitted). As the *Tapp* Court stated, "most Third Circuit decisions analyzing pretrial detainee claims of inadequate medical care have used the Supreme Court's Eighth Amendment rubric set forth in *Estelle v. Gamble*, 429 U.S. 97, 105-06, 97 S.Ct. 285 (1976)."(footnote omitted). (718 F.Supp. 2d at 622; *Brown*, 2011 WL 1158289, *4.) Thus, as in *Tapp* and *Brown*, we analyze Plaintiff Gibson's Fourteenth Amendment claims of failure to protect under the Eighth Amendment standard used to evaluate such claims.

In applying Eighth Amendment analysis to Plaintiff's Fourteenth Amendment failure to protect claim, we do not find that Defendants knew or were aware of the excessive risk to Plaintiff's safety. Plaintiff argues that because of the robbery, Defendants knew or should have known that the situation could be dangerous to the Plaintiff (Doc. 49, p. 1). Defendants Crawford and Etnoyer stated in their Declarations that they believed Mills to be a timid man who would not cause a problem (Doc. 41-5, ¶ 7; Doc. 41-7, ¶ 6). We agree with Defendants that the knowledge that a situation might become hostile is not enough to prove deliberate indifference to a prisoner's health and safety as required for a failure-to-protect claim. Mills' foul language notwithstanding, there is no evidence to suggest that Mills said or did anything that would lead a person to conclude that there was any risk of physical harm from Mills.

Plaintiff's affidavit and the affidavit of Plaintiff's witness do not contain a proper swearing under penalty of perjury. Witness Neely states at the conclusion of his affidavit, "I swear this statement to be true …" (Doc. 48). Plaintiff stated at the end of his affidavit, "I ask

the Court to accept this handwritten document as my sworn statement." (Doc. 49, pp. 2-3). The standard language used is "I declare under penalty of perjury pursuant to 28 U.S.C. Sec. 1746, that the foregoing is true and correct to the best of my knowledge, information, and belief." Neither one swears under penalty of perjury to the accuracy of his statements (Docs 48, 49). We agree with the Eastern District in that "a declaration that is not sworn to under penalty of perjury or accompanied by an affidavit is not proper support in disputing a fact in connection with a motion for summary judgment." *(Silver v. Foster Wheeler LLC*, MDL 875, 2012 WL 975876 (E.D. Pa. Jan. 25, 2012*) citing Burrell v. Minnesota Mining Manufacturing Co.,* No. 2:08–87293, 2011 WL 5458324 (E.D.Pa. June 9, 2011)) However, Plaintiff is *pro se* so we will consider the affidavits as if they were properly sworn.

Plaintiff states in his Affidavit that the Defendants handcuffed him after his brother pulled over and the Defendants informed him that there might be a parole violation warrant for his arrest (Doc. 49, p. 2). Defendant Etnoyer told Plaintiff to sit on the curb and Defendant Crawford went to retrieve Mills (Doc. 49, p. 1). Plaintiff seems to believe that the Defendants did not adequately secure the area where and he his brother sat while Mills identified them (*Id*.). Plaintiff thinks that there was unnecessary risk of harm because there should have been police officers between himself and Mills at all times (*Id*). Plaintiff states that both Defendants knew that the situation "could become volatile" because Mills was a recent victim of robbery (Doc. 49, pp. 2-3). Plaintiff goes on to characterize the Defendants' conduct as "negligence" (Doc 49, p. 3). Plaintiff further states that there is video of the incident taken by Defendant Crawford's patrol car (Doc. 49, p. 2). Defendant Crawford

states in his second Declaration that there is no such video because his car only records video when in emergency mode and Defendant Crawford did not put his car into emergency mode at the time in question (Doc. 51-1, ¶¶ 5-8). Plaintiff, without citing case law or statute, contends in his Statement of Material Facts that without the video evidence, Defendant Crawford's statement that Mills did not speak to Defendant Crawford on the ride to the identification is hearsay (Doc. 50, p. 4).

Plaintiff's brother, Neely stated in his Affidavit that Plaintiff had to wait for some time between being hit and being transported to the hospital for treatment (Doc. 48). Plaintiff claims in his Statement of Material Facts that he waited at least two hours to be transported for treatment (Doc. 50, p. 3). Plaintiff also states that Mills used foul and angry language in identifying him (Doc. 50, p. 2). Neely also says that there were no police officers between Plaintiff and Mills when Mills punched Plaintiff (Doc. 48). He further alleges that the officers would not allow the EMT personnel to transport Plaintiff to the hospital, and that the officers transported Plaintiff themselves after making him wait a while longer (*Id*.).

In considering all of the evidence, we find that the evidence shows Defendants' conduct constitutes negligence at worst. Therefore, no reasonable finder of fact would find that these allegations, even if true, meet the deliberate indifference standard necessary for a failure to protect claim under the Fourteenth Amendment. Thus, we will recommend that the Court grant Defendants' Motion for Summary Judgment.

## V. RECOMMENDATION

We respectfully recommend that the Defendants' Motion for Summary Judgment be granted and that the remaining claims of Plaintiffs case be dismissed with prejudice.

                                               **s/ Thomas M. Blewitt**
                                               **THOMAS M. BLEWITT**
                                               **United States Magistrate Judge**

**Dated: August 13, 2013**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| DARYL T'WAIN GIBSON, SR., | : | CIVIL ACTION NO. **1:12-CV-1328** |
|---|---|---|
| Plaintiff | : | (Judge Kane) |
| v. | : | (Magistrate Judge Blewitt) |
| STEELTON POLICE DEPT., et al., | : | |
| Defendants | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **August 13, 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge,

making his or her own determination on the basis

of that record. The judge may also receive further evidence, recall

witnesses or recommit the matter to the magistrate judge with

instructions.

Failure to file timely objections to our foregoing Report and Recommendation may constitute a waiver of any appellate rights.

                                                  s/ Thomas M. Blewitt
                                                  **THOMAS M. BLEWITT**
                                                  **United States Magistrate Judge**

**Dated: August 13, 2013**